Mr. Chief Justice Quiñones did not take part in the decision of this case.

---

### Meléndez *v.* Diego.

#### Appeal from the District Court of Guayama.

No. 310.—Decided December 3, 1908.

Natural Children — Action to Secure Acknowledgment Thereof — Sufficiency of Complaint.—An allegation contained in the complaint to the effect that during the intimate relations between the plaintiff and the defendant there was no impediment whatever to prevent them from contracting marriage, is sufficient for the purposes of a general demurrer to the complaint based on the ground that it is not enough to allege that, at the time of the birth of the natural child, there was nothing to prevent the marriage of the father and mother; but that it should have been alleged that no such impediment existed at the time of conception.

Id.—Sufficiency of Evidence.—In civil cases like this a preponderance of the evidence is sufficient upon which to render judgment the same degree of certainty required in criminal cases being unnecessary.

Id.—Date of Birth.—It is not a matter of vital importance to determine exactly the date on which the natural child was born where there is sufficient evidence to prove the other allegations of the complaint.

Id.—Contradictory Testimony.—The mere fact that the testimony of a party, in favor of whom judgment is rendered, is contradictory, is not a sufficient reason to warrant the reversal of the judgment.

The facts are stated in the opinion.

*Mr. José C. Ramos* for appellant.

*Mr. Celestino Dominguez* for respondent.

Mr. Justice MacLeary delivered the opinion of the court.

This is a suit brought by Juana Meléndez, as legal representative of her minor son, Miguel, against Pedro de Diego to establish the status of said Miguel Meléndez as the natural son of the said Pedro de Diego, recognized by him as such, with the right to use his name and to enjoy the other rights given him by the law. The complaint was fully answered by the defendant, and finally on a trial had on the 22d of May, 1908, the case was taken under advisement until the 19th day of June following, and on that day judgment was rendered in

favor of the plaintiff conceding all the relief prayed for and the recovery of all costs of suit.

From this judgment the defendant Pedro de Diego took an appeal to this court and the transcript was filed herein on the 20th day of July last, and after the usual delays and preparations came on to be heard herein on the 25th day of November last on briefs of both parties and oral argument on behalf of the appellant.

The grounds relied on by the appellant's counsel for a reversal of the judgment are, briefly, as follows:

First. That it is not sufficient to allege, as is done in the complaint, that at the time of the birth of the illegitimate child there was no impediment to the marriage of the father and mother but it should have been alleged that no such impediment existed at the date of the conception of such child.

Second. That the proof adduced by the plaintiff was insufficient and defective in the following particulars, to wit:

(*a*) That the existence of the child, Miguel Meléndez, described in the complaint, was not properly proven.

(*b*) That the evidence presented by the plaintiff was entirely contradictory, while that of the defendant was consistent throughout and established the allegations set up in the answer.

(*c*) That an essential fact alleged by the plaintiff, in the fourth paragraph of the complaint, cannot be regarded as proven, since it is expressly denied in the answer. This allegation is that during the time of the alleged intimacy, between the said Juana Meléndez and Pedro de Diego, there was no legal impediment to their marriage.

The logical order of these objections has been adopted here instead of the order pursued in appellant's brief.

First. As to the allegations necessary in the complaint in regard to no impediments existing, at the date of the conception or birth of the illegitimate child, to prevent the marriage of the plaintiff. It was alleged in the complaint that during the intimacy existing between the parties no such impedi-

ment existed; and this allegation was sufficient on the general demurrer interposed by the defendant to the plaintiff's complaint. No error appears in the ruling of the court on this point.

Second. As to the sufficiency of the proof to sustain the judgment rendered herein. It may be that there is some discrepancy in the proof regarding the date of the child's birth; but the evidence is ample that the child, Miguel, was born about the time alleged and that he was the only living child of his mother, and was the child referred to by the various witnesses as the illegitimate progeny of Juana and Pedro, born during the intimacy which existed between them. In civil cases such as this a preponderance of evidence is all that is necessary. In cases of this kind the same certainty as may be required in criminal cases is not demanded by the statutes. (Law of Evidence, sec. 162, par. 5, p. 102, Laws of 1905.)

In civil cases a preponderance of the evidence is all that is necessary on which to base a judgment while in criuinal cases the essential facts must be proven beyond a reasonable doubt. The existence of the child was certainly proven by abundant evidence. It is a matter far from being of vital importance whether he was born in the year 1903 or 1904, on the 5th of July or on the 12th of August. The whole statement of facts shows that there was only one child in question, and that one a boy named Miguel four or five years old. If there were really two children or any mistake in the identity of the person whose status it was sought to establish the defendant would have been permitted to establish that fact by competent evidence. But the proof is amply sufficient on this point. The mere fact that the witnesses of plaintiff did not agree in all particulars in giving their testimony or were even contradictory to each other in some of their statements is not a good ground for reversal of the judgment. If there was evidence enough to support the judgment it was incumbent on the trial court to reconcile the conflicting statements as far as possible; and if this should be impossible then to determine,

from all circumstances surrounding the witnesses, their intelligence, their bias or interest if any was apparent, their manner of testifying, their opportunities for information and the like, which of them were the most worthy of belief. Where contradictions exist in the evidence, no matter by which party the same may have been introduced, and the trial court has carefully weighed the same and arrived at a conclusion based on the testimony so tested, the judgment will not generally be disturbed by an appelate court except for very weighty reasons. (2 Moore on Facts, secs. 1267, 1276, and cases there cited.)

From a careful perusal of all the evidence set out in the statement of the case contained in the record we cannot say that any error has been committed justifying a reversal of the judgment. On the contrary the judgment is supported by the evidence, and it appears that all the requirements of our existing statutes, in regard to the affiliation of natural children, have been complied with and the conclusions reached by the trial court are correct. Such being the case the judgment appealed from in this case should be affirmed.

*Affirmed.*

Justices Hernández, Figueras and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.